# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
7/31/2020 3:27 PM
Steven D. Grierson
CLERK OF THE COURT

1    **COMP**
ELLER LAW, LLC
2    CRYSTAL ELLER, ESQ.
Nevada Bar No.4978
3    NICOLE BOLICK, ESQ.
Nevada Bar No. 15015
4    104 S. Jones Blvd.
Las Vegas, NV 89107
5    (702) 685-6655 Phone
(702) 685-5553 Fax
6    Crystal@crystalforthepeople.com
7    Attorney for Plaintiff

CASE NO: A-20-818888-C
Department 28

8

9       **THE EIGHTH JUDICIAL DISTRICT COURT**

10          **CLARK COUNTY, NEVADA**

11    Karin Volz, an individual

12          Plaintiff,

13       vs.               CASE NO:

14                       DEPT NO:

15    THE KROGER CO., a Foreign Corporation
dba SMITH'S #385; SMITH'S FOOD &
16    DRUG CENTERS, INC., a Foreign
Corporation dba SMITH'S #385, and DOES I
17    through X, inclusive, and Roe Corporations XI
through XX, inclusive

18         Defendants.

19

20

21

22                  **COMPLAINT**

23       **COMES NOW**, KARIN VOLZ by and through her attorney, CRYSTAL ELLER,

24    ESQ., of ELLER LAW, LLC, and for their causes of action against Defendants THE

25    KROGER CO., a Foreign Corporation dba SMITH'S #385; SMITH'S FOOD & DRUG

26    CENTERS, INC., a Foreign Corporation dba SMITH'S #385, and DOES I through X,

27    inclusive, and Roe Corporations XI through XX, inclusive  complains and alleges as follows;

28

I.

PARTIES AND JURISDICTION

1.      Plaintiff, KARIN VOLZ, is a 75 year old woman who at all times mentioned hereto, is a resident of the State of California.

2.      Upon information and belief, at all times mentioned herein, Defendant, THE KROGER CO. (hereinafter referred to as "Defendant Kroger") was a Foreign Corporation, conducting business in Clark County, Nevada as Smiths #385 and was duly authorized to conduct business in the State of Nevada and was conducting business in Clark County, Nevada.

3.      Upon information and belief, at all times mentioned herein, Defendant SMITH'S FOOD & DRUG CENTERS, INC (hereinafter referred to as "Defendant Smith's") was a foreign Corporation conducting Business in Clark County, Nevada as Smith's #385 and was duly authorized to conduct business in the State of Nevada and was conducting business in Clark County, Nevada.

4.      Upon information and belief, at all times mentioned herein, said "Defendant Kroger", "Defendant Smith's", and Roe Corporations XII through XV owned, operated, controlled, and/or maintained, without limitation, that certain property Smith's #385 located at 2211 N Rampart Blvd, Las Vegas, NV 89128 for the purpose of carrying on a business for profit, along with all areas within the building and in the parking lot wherein the incident at issue occurred, (hereinafter referred to as the "Premises").

5.      Upon information and belief, at all times mentioned herein, Doe Defendants I-X and Roe Defendants XI-XX were legal residents or entities of Clark County, Nevada, and authorized to do business in the State of Nevada.  Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants and functioned and assisted in the operation, control, maintenance, supervision, and/or management of said "Premises".

6.      That the true names or capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES I through X, inclusive, and Roe XI through XX inclusive, and

2

1   each of them, are unknown to Plaintiff who therefore sues and Defendants by such fictitious

2   names and will ask leave to amend this complaint to show their true names and capacitates when

3   the same have been ascertained. Plaintiff Karin Volz is informed and believes and thereon alleges

4   that each of the Defendants designated herein as a DOE or a ROE negligently and/or legally

5   caused the injuries and damages proximately thereby to Plaintiff as herein alleged.

6        7.      Plaintiff will ask leave of the Court to amend this Complaint to insert the true

7   names and capacities of said Defendants, DOES I-X and ROE CORPORATIONS XI-XX,

8   inclusive, when the same have been ascertained by Plaintiff, together with appropriate charging

9   allegations, and to join said Defendants in the action.

10       8.      Defendants, and each of them, are jointly and severally liable for all applicable

11  causes of action and for all damages as hereinafter alleged.

12                                           II.

13                  RELEVANT FACTS TO ALL CAUSES OF ACTION

14       9.      On or about September 13, 2018, Plaintiff Karin Volz was grocery shopping at

15  Smith's #385 located at 2211 N Rampart Blvd, Las Vegas, NV 89128.

16       10.     At all times relevant herein Plaintiff Karin Volz was an invitee of "Defendant

17  Kroger" and/or "Defendant Smith's" #385 grocery store and was shopping on said "Premises"

18  when she tripped and fell in the parking lot and was injured as hereinafter alleged.

19       11.     At the time and place aforesaid, the "Defendant Kroger" and/or "Defendant

20  Smith's", acted negligently and/or negligently failed to act, and otherwise conducted themselves

21  with disregard for the personal safety of the Plaintiff and/or negligently operated and maintained

22  the "Premises" and as a direct and proximate result thereof did proximately cause Plaintiff Karin

23  Volz to trip and fall on a large foreign object and as a proximate result thereof she has suffered

24  the hereinafter described injuries and damages.

25       12.     As a direct and proximate result of the carelessness and/or negligence of

26  "Defendant Kroger" and/or "Defendant Smith's", Plaintiff Karin Volz suffered injuries to her

27

28                                          3

1  body and shock and damage to her nervous system and person, all of which said injuries have

2  caused, and continue to cause, Plaintiff Karin Volz great mental and physical pain and suffering,

3  resulting in some permanent disability to Plaintiff, all to Plaintiff Karin Volz's general damages

4  in an amount in excess of $15,000.

5      13.    That by reason of the premises and as a further direct and proximate result of the

6  negligence of "Defendant Kroger" and/or "Defendant Smith's", Plaintiff Karin Volz was

7  required to and did seek medical attention and care, and did incur medical expenses, and Plaintiff

8  may be required to seek further medical care, and incur further medical expense in an amount at

9  the present time unascertained, and therefore asks leave to prove, and if required by the Court, to

10  amend this Complaint to show the reasonable value of such medical care at the time of the trial.

11      14.    That it has been necessary for Plaintiff Karin Volz to retain the services of an

12  attorney to prosecute this action and is therefore entitled to reasonable attorney's fees and costs

13  herein.

14                                  III.
15                      FIRST CAUSE OF ACTION
                             (NEGLIGENCE)
16

17      15.    Plaintiff repeats and re-alleges each and every foregoing paragraphs 1 through 14

18  set forth above and incorporates the same by reference as though fully set forth at length herein.

19      16.    Plaintiff is informed and believes and thereon alleges that, at all times hereinafter

20  mentioned, the Defendants, end each of them, were the agents and employees of all other

21  Defendants, and each other, and were acting within the course and scope of their agency and/or

22  employment and are negligently or legally responsible for Plaintiff Karin Volz's injuries and

23  damages as herein alleged.

24      17.    That in doing the things described herein the "Defendant Kroger" and/or

25  "Defendant Smith's" acted negligently and/or negligently failed to act, and otherwise conducted

26  themselves with disregard for the personal safety of Plaintiff Karin Volz which proximately

27  resulted in the injuries and damages alleged herein.

28                                  4

18.    That on or about September 13, 2018, Plaintiff Karin Volz was walking to her car in a reasonably safe, prudent, and non-negligent manner in the "Premises" of "Defendant Kroger" and "Defendant Smith's" dba Smith's Grocery store #385. The "Premises" contains low-rise beds of large cement or asphalt rocks around the cars and cart return areas. On this day, the large rocks/debris were not contained in the "beds" and were scattered in the parking lot where customers routinely walk. Plaintiff tripped on the scattered rocks/debris where she was knocked off balance causing her to fall on the ground which proximately resulted in the injuries and damages to Plaintiff Karen Volz.

19.    "Defendant Kroger" and/or "Defendant Smith's", had a non-delegable duty to supervise and maintain said "Premises" in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions including but not limited to foreign substances and debris on or around said "Premises", particularly on the ground and walkways and had a duty to warn invitees on said "Premises," of the presence of said dangerous conditions, including Plaintiff Karin Volz.

20.    Upon information and belief, "Defendant Kroger" and/or "Defendant Smith's" employed maintenance personnel, management, subcontractors, and other supervisory/security personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property, in a reasonably safe and suitable condition all of which property is under said "Defendant Kroger" and/or "Defendant Smith's" exclusive authority and control.

21.    "Defendant Kroger" and/or "Defendant Smith's", despite having actual notice and/or constructive notice that dangerous conditions existed on their "Premises", which said Defendants had control and authority, failed to enact proper safeguards and maintenance, and further failed to warn of said dangerous condition resulting in serious bodily injury to Plaintiff Karin Volz, and did breach their duty of due care as described herein, which did proximately result in the injuries and damages to Plaintiff has herein alleged.    .

5

22.     In addition to their direct liability, "Defendant Kroger" and/or "Defendant Smith's", and each of them, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or consultants, independent contractors, or singular persons or entities, whether in house or outside, which in any manner proximately caused or contributed to Plaintiff Karin Volz injuries and damages as herein alleged.

23.     As a direct and proximate result of the disregard for Plaintiff's safety, recklessness, carelessness and/or negligence of the "Defendant Kroger" and/or "Defendant Smith's", Plaintiff Karin Volz suffered injuries to her body including breaking both bones in her forearm which required plates and screws for realignment. Her face hit the ground with such force that her teeth were permanently damaged and required corrective dental work. Plaintiff Karin Volz also injured her ankle, knee, left wrist, face and suffered multiple bruises and abrasions to her body and shock and damage to her nervous system and person, all of which said injuries have caused, and continue to cause, Plaintiff Karin Volz great mental and physical pain and suffering, resulting in some permanent disability to Plaintiff, all to Plaintiff Karin Volz's general damages in an amount in excess of $15,000.

24.     That by reason of the "Premises" and as a further direct and proximate result of the negligence of "Defendant Kroger" and/or "Defendant Smith's, Plaintiff Karin Volz was required to and did seek medical attention and care, and did incur medical expenses, and Plaintiff may be required to seek further medical care, and incur further medical expense in an amount at the present time unascertained, and therefore asks leave to prove, and if required by the Court, to amend this Complaint to show the reasonable value of such medical care at the time of the trial.

25.     That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees herein.

//

//

IV.

6

SECOND CAUSE OF ACTION
(Res Ipsa Loquitur)

26.     Plaintiff repeats and re-alleges each and every foregoing paragraphs 1 through 25 set forth above and incorporate the same by reference as though fully set forth at length herein.

27.     The incident as herein alleged to have occurred on the "Defendant Kroger" and/or "Defendant Smith's" "Premises" resulting in Plaintiff Karin Volz's injuries as herein described is the kind of incident or event that would not occur in absence of someone's negligence; the foreign object on the ground of the "Premises" where Plaintiff Karin Volz tripped and fell and the incident and events described herein were in the exclusive control of "Defendant Kroger" and/or "Defendant Smith's", all of which said "Defendant Kroger" and/or "Defendant Smith's" had exclusive "right of control." This trip and fall incident as described herein was not due to any voluntary action or contribution on the part of Plaintiff Karin Volz who was not responsible for the cause of her injuries or damages.

28.     That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees herein.

V.
THIRD CAUSE OF ACTION
(Negligent Hiring; Supervision and Failure to Warn)

29.     Plaintiff repeats and re-alleges each and every foregoing paragraph 1 through 28 set forth above and incorporate the same by reference as though fully set forth at length herein.

30.     While on said "Premises", "Defendant Kroger" and/or "Defendant Smith's" had a duty to supervise and maintain their "Premises" and/or perform improvements, and /or maintain the area of the parking lot of the "Premises" in a reasonably safe and suitable condition for their patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions inside and outside of said "Defendant Kroger" and/or "Defendant Smith's" "Premises" as described herein.

7

31.    Upon information and belief, "Defendant Kroger" and/or "Defendant Smith's" employed janitorial and/or maintenance personnel, as well as management and other supervisory personnel for the purpose of supervising and training employees, and other personnel to keep and maintain property in a reasonably safe and suitable condition and "Defendant Kroger" and/or "Defendant Smith's" failure in this responsibility did breach that duty of care which proximately resulted in the injuries and damages alleged therein.

32.    Said "Defendant Kroger" and/or "Defendant Smith's" failure to warn of a known dangerous condition, or to discover through exercise of reasonable diligence under the circumstances that which could have been discovered, and further failure to hire and adequately train and supervise suitable and fit employees and/or agents to regularly maintain said property in a safe and suitable manner had directly and proximately resulted in Plaintiff Karin Volz's damages in an amount in excess of $15,000.

33.    In addition to their direct liability, "Defendant Kroger" and/or "Defendant Smith's", and each of them, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or consultants, independent contractors, or singular persons or entities, whether in house or outside, which in any manner caused or contributed to Plaintiff Karin Volz's injuries and damages as herein alleged.

34.    As a direct and proximate result of the, carelessness and/or negligence of the "Defendant Kroger" and/or "Defendant Smith's", Plaintiff Karin Volz suffered injuries to her body and shock and damage to her nervous system and person, all of which said injuries have caused, and continue to cause, Plaintiff great mental and physical pain and suffering, resulting in some permanent disability to Plaintiff Karin Volz, all to Plaintiff's general damages in an amount in excess of $15,000.

35.    That by reason of the premises and as a further direct and proximate result of the negligence of "Defendant Kroger" and/or "Defendant Smith's", the Plaintiff Karin Volz was required to and did seek medical attention and care, and did incur medical expenses, and Plaintiff

8

1     may be required to seek further medical care, and incur further medical expense in an amount at

2     the present time unascertained, and therefore asks leave to prove, and if required by the Court, to

3     amend this Complaint to show the reasonable value of such medical care at the time of the trial.

4           36.    That it has been necessary for Plaintiff to retain the services of an attorney to

5     prosecute this action and is therefore entitled to reasonable attorney's fees herein.

6                                       <u>PRAYER FOR RELIEF</u>

7     WHEREFORE,

8     Plaintiff prays for judgment against the above-named Defendants, and each of them, jointly and

9     severally, as follows:

10      A.  As for the First Cause of Action, Plaintiff complains of the Defendants, and each of

11          them that:

12             1.  General Damages in an amount in excess of $15,000;

13             2.  Special Damages of costs of past and future medical care and treatment and

14                  costs incidental thereto, in an amount in excess of $15,000;

15             3.  Reasonable attorney's fees and costs of suit incurred herein;

16             4.  For such other and further relief as the Court may deem just and proper.

17      B.  As for the Second Cause of Action, Plaintiff complains of the Defendants, and each of

18          them that:

19             1.  General Damages in an amount in excess of $15,000;

20             2.  Special Damages of costs of past and future medical care and treatment and

21                  costs incidental thereto, in an amount in excess of $15,000;

22             3.  Reasonable attorney's fees and costs of suit incurred herein;

23             4.  For such other and further relief as the Court may deem just and proper.

24      C.  As for the Third Cause of Action, Plaintiff complains of the Defendants, and each of

25          them that:

26             1.  General Damages in an amount in excess of $15,000;

27

28                                       9

2. Special Damages of costs of past and future medical care and treatment and costs incidental thereto, in an amount in excess of $15,000;

3. Reasonable attorney's fees and costs of suit incurred herein;

4. For such other and further relief as the Court may deem just and proper.

DATED

this 31st Day of July, 2020

Eller Law, LLC
*/s/Nicole Bolick, Esq.*
Nevada Bar No.15015
104 S. Jones Blvd.
Las Vegas, NV 89107
(702) 685-6655 Phone
(702) 685-5553 Fax
Nicole@crystalforthepeople.com
Attorney for Plaintiff

10

AOS

**DISTRICT COURT , CLARK COUNTY
CLARK COUNTY, NEVADA**

Electronically Filed
8/11/2020 2:19 PM
Steven D. Grierson
CLERK OF THE COURT

KARIN VOLZ                                    Plaintiff

CASE NO:  **A20818888C**

HEARING DATE/TIME:

vs

THE KROGER CO., AND SMITH'S FOOD          Defendant       DEPT NO:  **28**
AND DRUG CENTERS, INC.

## AFFIDAVIT OF SERVICE

MARC NEVILLE being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 4th day of August, 2020 and served the same on the 7th day of August, 2020, at 14:05 by:

serving the servee THE SMITHS FOOD AND DRUG CENTERS, INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY by personally delivering and leaving a copy at (address) 112 NORTH CURRY STREET, CARSON CITY NV 89703 with KRIS OSBORNE, CLERK pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

Pursuant to NRS 53.045

I declare under penalty of perjury under the law of the
State of Nevada that the foregoing is true and correct.

EXECUTED this___07__day of___Aug___,      2020.

**MARC NEVILLE**
**R-918**

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068

EP163676 A20818888C                         Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
8/27/2020 1:14 PM
Steven D. Grierson
CLERK OF THE COURT

**DMSC**
JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard – #195
Las Vegas, NV  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

### THE EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| Karin Volz, an individual<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO., a Foreign Corporation dba SMITH'S #385; SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation dba SMITH'S #385 DOES I through X, inclusive, and Roe Corporations XI through XX, inclusive<br><br>Defendants. | Case No.:  A-20-818888-C<br>Dept. No.: XXVIII<br><br>**DEMAND FOR SECURITY OF COSTS** |

TO:     KARIN VOLZ, Plaintiff; and

TO:     CRYSTAL ELLER, ESQ., of ELLER LAW, LLC, Attorneys for Plaintiff;

        PLEASE TAKE NOTICE that Defendant SMITH'S FOOD & DRUG CENTERS, INC.,

hereby demands and requires security from KARIN VOLZ, Plaintiff in the above captioned

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 5815932.1

1    matter, who is a non-resident of this State, for the said Defendant's costs and charges in this action

2    which may be awarded herein against the Plaintiff.

3        Dated this 27th day of August, 2020.

4                            COOPER LEVENSON, P.A.

5

6                    By    /s/ Jerry S. Busby

7                          Jerry S. Busby
                           Nevada Bar No. 001107

8                          Gregory A. Kraemer
                         Nevada Bar No. 010911

9                          3016 West Charleston Boulevard – #195
                         Las Vegas, NV 89102

10                        Attorneys for Defendant
                         SMITH'S FOOD & DRUG CENTERS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 5815932.1

1

**CERTIFICATE OF SERVICE**

2

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and

3

that on this 27th day of August, 2020, I did cause a true copy of the foregoing **DEMAND FOR**

4

**SECURITY OF COSTS** to be served upon each of the parties listed below via electronic service

5

through the Eighth Judicial District Court's Odyssey E-File and Serve System:

6

Crystal Eller, Esq.
ELLER LAW, LLC

7

104 South Jones Boulevard
Las Vegas, NV 89107

8

Attorneys for Plaintiff

9

By   /s/ Theresa H. Rutkowski

An Employee of

10

COOPER LEVENSON, P.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

CLAC 5815932.1

R 1m

Electronically Filed
9/15/2020 11:21 AM
Steven D. Grierson
CLERK OF THE COURT

1   **NPNR**
    Eller Law, LLC
2   Crystal Eller, Esq.
    Nevada Bar No.4978
3   104 S. Jones Blvd.
    Las Vegas, NV 89107
4   (702) 685-6655 Phone
    (702) 685-5553 Fax
5   Crystal@crystalforthepeople.com

6   Attorney for Plaintiff

7
                **EIGHTH JUDICIAL DISTRICT COURT FOR**
8
                    **CLARK COUNTY, NEVADA**
9

10  Karin Volz, an individual

11              Plaintiffs,                    CASE NO; A-20-818888-C

12      vs.                                    DEPT NO; 28

13  THE KROGER CO., a Foreign Corporation
    dba SMITHS #385; SMITH'S FOOD &        **NOTICE OF POSTING COST BOND**
14  DRUG   CENTERS,   INC.,   a   Foreign
    Corporation dba SMITH'S #385, DOES I
15  through X, inclusive, and ROE Corporations
    XI through XX, inclusive
16
                Defendants.
17

18
    To the Defendants named above:
19

20      Notice is hereby given Pursuant to NRS 18.130 that on September 15, 2020, the Plaintiff,

21  Karin Volz, deposited Five Hundred Dollars ($500) as surety for the above-entitled cause with the

22  District Court Clerk of Court. (See "Exhibit 1").

23  ///

24  ///

25  ///

26

27  ///

28

                                1

1    The Defendants, and each of them, will have 10 days or the period allowed under NRCP

2    12(a), whichever is longer, in which to answer or otherwise plead to the complaint. If you fail to

3    respond, with in that time the Plaintiff can request your default.

4

5

6    DATED:
7    This 15th day of September 2020

8

9    _____        Eller Law, LLC

10                                       /s/ Crystal Eller
                                         Crystal Eller, Esq.
11                                       Nevada Bar No.4978
                                         104 S. Jones Blvd.
12                                       Las Vegas, NV 89107
                                          (702) 685-6655 Phone
13                                       (702) 685-5553 Fax
                                         Crystal@crystalforthepeople.com
14                                       Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# Exhibit 1

## OFFICIAL RECEIPT
### District Court Clerk of the Court 200 Lewis Ave, 3rd Floor Las Vegas, NV 89101

Payor
Eller Law LLC

Receipt No.
**2020-51290-CCCLK**

Transaction Date
09/15/2020

| Description | Amount Paid |
|---|---|

On Behalf Of Volz, Karin
A-20-818888-C
Karin Volz, Plaintiff(s) vs. The Kroger Co., Defendant(s)
Security Cost Bond

| | | | |
|---|---|---|---|
| Security Cost Bond | | | 500.00 |
| **SUBTOTAL** | | | **500.00** |
| | | **PAYMENT TOTAL** | **500.00** |
| | | Check (Ref #1244) Tendered | 500.00 |
| | | **Total Tendered** | **500.00** |
| | | Change | 0.00 |

| 09/15/2020 | Cashier | Audit |
|---|---|---|
| 08:56 AM | Station RJCC6 | 37636269 |

## OFFICIAL RECEIPT

Electronically Filed
9/24/2020 2:53 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ANSC**
    JERRY S. BUSBY
2   Nevada Bar #001107
    GREGORY A. KRAEMER
3   Nevada Bar #010911
    COOPER LEVENSON, P.A.
4   3016 West Charleston Boulevard – #195
    Las Vegas, NV  89102
5   (702) 366-1125
    FAX:  (702) 366-1857
6   jbusby@cooperlevenson.com
    gkraemer@cooperlevenson.com
7   Attorneys for Defendant
    SMITH'S FOOD & DRUG CENTERS, INC.

8

9                   **THE EIGHTH JUDICIAL DISTRICT COURT**

10                        **CLARK COUNTY, NEVADA**

11   Karin Volz, an individual                    Case No.:  A-20-818888-C
                                                   Dept. No.: XXVIII
12                    Plaintiff,

13           vs.

14   THE KROGER CO., a Foreign Corporation     **DEFENDANT SMITH'S FOOD & DRUG**
     dba SMITH'S #385; SMITH'S FOOD &          **CENTERS, INC.'S ANSWER TO**
15   DRUG CENTERS, INC., a Foreign             **PLAINTIFF'S COMPLAINT**
     Corporation dba SMITH'S #385 DOES I
16   through X, inclusive, and Roe Corporations XI
     through XX, inclusive
17
                      Defendants.
18

19           COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

20   attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

21   answers Plaintiff's Complaint on file herein as follows:

22                                          **I.**

23           This answering Defendant states that it does not have sufficient knowledge or information

24   upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 5, 6 and 7 of

25   Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

26                                          **II.**

27           This answering Defendant denies each and every allegation contained in Paragraph 2 of

28   Plaintiff's Complaint.

CLAC 5913618.1

**III.**

In response to Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it was a foreign Corporation conducting Business in Clark County, Nevada as Smith's and was duly authorized to conduct business in the State of Nevada and was conducting business in Clark County, Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

In response to Paragraph 4 of Plaintiff's Complaint, this answering Defendant admits that it owned, operated, controlled, and/or maintained the Smith's #385 located at 2211 N Rampart Blvd, Las Vegas, NV 89128 for the purpose of carrying on a business for profit. This answering Defendant denies any remaining allegations contained in said Paragraph.

**V.**

Paragraph 8 of Plaintiff's Complaint states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**VI.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 9 and 10 of that portion of Plaintiff's Complaint entitled "**RELEVANT FACTS TO ALL CAUSES OF ACTION**".

**VII.**

This answering Defendant denies each and every allegation contained in Paragraphs 11, 12, 13 and 14 of that portion of Plaintiff's Complaint entitled "**RELEVANT FACTS TO ALL CAUSES OF ACTION**".

**VIII.**

This answering Defendant, in response to Paragraph 15 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (NEGLIGENCE)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

/ / /

## IX.

This answering Defendant denies each and every allegation contained in Paragraphs 16, 17, 20, 21, 23, 24 and 25 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (NEGLIGENCE)**".

## X.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 18 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (NEGLIGENCE)**" and upon said ground, denies each and every allegation contained therein.

## XI.

Paragraphs 19 and 22 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (NEGLIGENCE)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

## XII.

This answering Defendant, in response to Paragraph 26 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Res Ipsa Loquitur)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XIII.

Paragraph 27 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Res Ipsa Loquitur)**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

## XIV.

This answering Defendant denies each and every allegation contained in Paragraph 28 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Res Ipsa Loquitur)**".

/ / /

/ / /

/ / /

3

CLAC 5913618.1

### XV.

This answering Defendant, in response to Paragraph 29 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring; Supervision and Failure to Warn)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### XVI.

Paragraphs 30 and 33 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring; Supervision and Failure to Warn)**" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

### XVII.

This answering Defendant denies each and every allegation contained in Paragraphs 31, 32, 34, 35 and 36 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring; Supervision and Failure to Warn)**".

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /

/ / /

/ / /

CLAC 5913618.1

1  WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

2  Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3  further relief as to the Court may deem proper.

4  Dated this 24th day of September, 2020.

5  COOPER LEVENSON, P.A.

6

7  By  /s/ Jerry S. Busby

8  Jerry S. Busby
Nevada Bar No. 001107
Gregory A. Kraemer

9  Nevada Bar No. 010911
3016 West Charleston Boulevard – #195

10  Las Vegas, NV  89102
Attorneys for Defendant

11  SMITH'S FOOD & DRUG CENTERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

CLAC 5913618.1

1

**CERTIFICATE OF SERVICE**

2    Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A.

3   and that on this 24th day of September, 2020, I did cause a true copy of the foregoing

4   **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S**

5   **COMPLAINT** to be served upon each of the parties listed below via electronic service through the

6   Eighth Judicial District Court's Odyssey E-File and Serve System:

7        Crystal Eller, Esq.
         ELLER LAW, LLC
8        104 South Jones Boulevard
         Las Vegas, NV 89107
9        Attorneys for Plaintiff

10                              By    /s/ Theresa H. Rutkowski
                                     An Employee of
11                                   COOPER LEVENSON, P.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

ルル

Electronically Filed
10/7/2020 6:06 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ABREA**
Eller Law, LLC
2   **Crystal Eller, Esq.**
Nevada Bar No.4978
3   **Nicole Bolick, Esq.**
Nevada Bar No.15015
4   104 S. Jones Blvd.
Las Vegas, NV 89107
5   (702) 685-6655 Phone
(702) 685-5553 Fax
6   Crystal@crystalforthepeople.com
Attorney for Plaintiff
7

8                  **EIGHTH JUDICIAL DISTRICT COURT FOR**

9                     **CLARK COUNTY, NEVADA**

10   Karin Volz, an individual

11             Plaintiffs,          CASE NO; A-20-818888-C

12       vs.                  DEPT NO; 28

13

14   THE KROGER CO., a Foreign Corporation
dba SMITHS #385; SMITH'S FOOD &   **REQUEST FOR EXEMPTION FROM**
15   DRUG CENTERS, INC., a Foreign   **ARBITRATION**
Corporation dba SMITH'S #385, DOES I
16   through X, inclusive, and ROE Corporations
XI through XX, inclusive
17
             Defendants.
18

19
      Karin Volz, by and through her counsel Crystal Eller of Eller Law, LLC hereby requests
20
the above entitled matter be exempted from The Court Annexed Arbitration Program pursuant to
21
22   Nevada Arbitration Rules 3 and 5, as this case involves an amount in excess of $50,000 per

23   Plaintiff, exclusive of interest and costs. A complaint in the instant matter was filed on July 31,

24   2020. The first answer was filed by Jerry Busby, attorney for Defendant Smith's Food and Drug

25   on September 24,2020.

26       1.    Karin Volz ("Plaintiff" or "Karin")  is a 75 year old woman who was a victim of

27   negligence at Smith's Food and Drug #385. After shopping Karen walked to her car through the

28

Smith's parking lot and tripped and fell to the ground over large debris/ rocks that were scattered in the parking lot where customers routinely walk.

2.      That as a direct and proximate result of the Defendants actions and/or failure to act the Defendants, and each of them, are jointly and severally liable for the damages and injuries to the Plaintiff.

3.      As a direct and proximate result of the actions and/or failure to act of the Defendants, Plaintiff Karen Volz suffered injuries including two broken bones in her forearm. Her face hit the ground with such force that her teeth were damaged requiring corrective dental work. Karin also injured her ankle, knee, left wrist, face and suffered multiple bruises and abrasions to her body. She has undergone painful surgery that inserted permanent plates and screws in her left arm in an attempt to realign her broken bones. She endured painful dental work and extensive rehabilitation to her arm, wrist and fingers so that she can regain some normal function but has some permanent loss of function to her arm and fingers. As a result of the fall at Smith's Mrs. Volz has permanent damage to her arm, wrist, fingers and teeth. Plaintiff has incurred medical bills for the treatment and surgery of this injury in an amount exceeding $50,000 and medical specials in this case currently total approximately $100,000. (See Exhibit 1).

3.      The following medical bills are provided in support of this request for Exemption from Arbitration: (Exhibit 2):

| Summerlin Hospital | $20,564.00 |
|---|---|
| Sierra View Hospital | $36,371.00 |
| Mercy Inc. Ambulance Service | $1,197.00 |

///

///

2

1        I hereby certify pursuant to N.R.C.P. 11 this case is included within the exemption(s)

2   above and am aware of the sanctions which may be imposed against any attorney or party who

3   without good cause or justification attempts to remove a case from the arbitration program.

4        I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and

5   any attachments thereto do not contain personal information including, without limitation, home

6   address/phone number, social security number, driver's license number or identification card

7   number, account number, PIN numbers, credit card number or debit card number, in combination

8   

9   with any required security code, access code or password that would permit access to the person's

10  financial account.

11       DATED this 7th day of October, 2020.

12  

13                               Eller Law, LLC
                                 */s/ Nicole Bolick*

14                               Nicole Bolick, Esq.
                                 Nevada Bar No.15015

15                               104 S. Jones Blvd.
                                 Las Vegas, NV 89107

16                                (702) 685-6655 Phone
                                 nicole@crystalforthepeople.com

17                               Attorney for Plaintiff

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28

1

**CERTIFICATE OF SERVICE**

2      Pursuant to NRCP 5, NEFCR 9, and EDCR 8.05, I hereby certify that I am an employee of

3   ELLER LAW, LLC and on the 7 th day of October 2020 an electronic copy of the foregoing

4   **REQUEST FOR EXEMPTION FROM ARBITRATION** was served on the following by

5   Electronic Service, and serving all parties with an email address on record, who have agreed to

6   receive Electronic Service in this action.

7

8   Jerry S. Busby, Esq
    Cooper Levenson, P.A.
9   1835 Village Center Circle
    Las Vegas, NV 89134
10  *Attorney for Kroger Co.*

11

12      DATED this 7th day of October 2020.

13

14                          By:    */s/Nicole C. Bolick*
                                   An Employee of Eller Law, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# Exhibit 1

ELLER LAW, LLC
104 S JONES BLVD.
LAS VEGAS, NV 89104

KARIN H. VOLZ

ESTIMATE OF MEDICAL EXPENSES

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | DESCRIPTION | DATE OF SERVICE | TOTAL CHARGES | | KARIN VOLZ    Out of Pocket Expense | |
| 1 | | | | | | |
| 2 | MERCY INC - AMBULANCE SERVICE | 9/13/2018 | $1,197.00 | | | |
| 3 | SUMMERLIN HOSPITAL, L.V., NV - ER | 9/13/2018 | $20,564.00 | | | |
| 4 | SHELIN AGRAWAL+HYER, CT SCAN HEAD | 9/13/2018 | $409.00 | | | *Bill Requested |
| 5 | WALGREEN'S - PRE-OP PRESC. | 9/4/2018 | | | $4.00 | |
| 6 | STEVEN J. PORTER, MD | 9/18/2018 | $218.00 | | | |
| 7 | SIERRA VIEW HOSP., PORTERVILLE, CA - OPERATION BY DR. STEVEN PORTER | 9/18/2018 | $36,371.00 | | | |
| 8 | BINDUSAGAR REDDY | 9/18/2018 | $15.00 | | | |
| 9 | TW MACLENNAN MD - CHEST+HAND X-RAYS | 9-18 / 9-19-18 | $88.00 | | | *Bill Requested |

KARIN H. VOLZ

ESTIMATE OF MEDICAL EXPENSES

ELLER LAW, LLC
104 S JONES BLVD.
LAS VEGAS, NV 89104

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | DESCRIPTION | DATE OF SERVICE | TOTAL CHARGES | | KARIN VOLZ    Out of Pocket Expense | |
| 10 | COMFORT ANESTHESIA | 9/19/2018 | $713.00 | | | |
| 11 | DR. PORTER, STEVEN - OP- TREATMENT, INSERT HARDWARE | 9/19/2018 | $2,104.00 | | | |
| 12 | MEDEQUIP, INC. | 10/4/2018 | $70.00 | | | *Bill Requested |
| 13 | CVS, PRESC. HYDRODODONE | 9/18/2018 | | | $28 | |
| 14 | Reimbursement Paymt to Neighbors f Picking me up in LV and get me back to CA | Sept. 2018 | | | $1,000 | |
| 15 | Dr Richard heardt DDS | 10/31/2018 | $350.00 | | | |
| 16 | Dr Richard heardt DDS | 10/31/2018 | $68.00 | | | |
| 17 | Dr Richard heardt DDS | 10/31/2018 | $146.00 | | | |
| 18 | PRECISION REHAB & ORTHO, (PRO-PT) DR. B. LARSON | 11/8/2018 | $153.00 | | | |
| 19 | PRO-PT, DR. B. LARSON | 11/12/2018 | $182.00 | | | |
| 20 | PRO-PT, DR. B. LARSON | 11/14/2018 | $182.00 | | | |
| 21 | PRO-PT, DR. B. LARSON | 11/15/2018 | $213.00 | | | |

KARIN H. VOLZ

ESTIMATE OF MEDICAL EXPENSES

EILER LAW, LLC
104 S JONES BLVD.
LAS VEGAS, NV 89104

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | DESCRIPTION | DATE OF SERVICE | TOTAL CHARGES | | KARIN VOLZ Out of Pocket Expense | |
| 22 | PRO-PT, DR. B. LARSON | 11/19/2018 | $213.00 | | | |
| 23 | PRO-PT, DR. B. LARSON | 11/21/2018 | $213.00 | | | |
| 24 | STEVEN J. PORTER, MD | 11/21/2018 | $82.00 | | | |
| 25 | PRO-PT, DR. B. LARSON | 12/4/2018 | $182.00 | | | |
| 26 | PRO-PT, DR. B. LARSON | 12/6/2018 | $213.00 | | | |
| 27 | PRO-PT, DR. B. LARSON | 12/12/2018 | $182.00 | | | |
| 28 | PRO-PT, DR. B. LARSON | 12/10/2018 | $213.00 | | | |
| 29 | PRO-PT, DR. B. LARSON | 12/14/2018 | $213.00 | | | |
| 30 | PRO-PT, DR. B. LARSON | 12/17/2018 | $213.00 | | | |
| 31 | PRO-PT, DR. B. LARSON | 12/20/2018 | $182.00 | | | |
| 32 | - STEVE PORTER | 12/20/2018 | $147.00 | | | |
| 33 | - STEVE PORTER | 1/17/2019 | $130.49 | | | |
| 34 | - PRO-PT, DR.B. LARSON12/20/2018 | 01/15/2019 | $213.00 | | | |
| 35 | | 1/18/2019 | $182.00 | | | |
| 36 | | 1/21/2019 | $182.00 | | | |
| 37 | | 1/25/2019 | $182.00 | | | |
| 38 | - MEDEQUIP, INC. | | $70.00 | | | |
| 39 | - PRO-PT, DR. B. LARSON | 1/31/2019 | $182.00 | | | |
| 40 | | 2/5/2019 | $182.00 | | | |
| 41 | | 2/7/2019 | $213.00 | | | |
| 42 | | 2/12/2019 | $182.00 | | $596 | |
| 43 | - DR. STEVEN PORTER | 2/14/2019 | $147.00 | | | |

PAGE 3 OF 6

KARIN H. VOLZ

ESTIMATE OF MEDICAL EXPENSES

ELLER LAW, LLC
104 S JONES BLVD.
LAS VEGAS, NV 89104

|   | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | DESCRIPTION | DATE OF SERVICE | TOTAL CHARGES | | KARIN VOLZ   Out of Pocket Expense | |
| 44 | DDS RICHARD HARDT (TRAUMA/CONT-PERIODIC PAIN TEETH/LEFT SIDE) | 3/1/2019 | | | | |
| 45 | Richard Heardt DDS | 2/20/2019 | $258.00 | | | |
| 46 | | 2/21/2019 | $265.00 | | | |
| 47 | | 2/22/2019 | $223.00 | | | |
| 48 | - PRO PT, DR. B. LARSON | 2/19/2019 | $182.00 | | | |
| 49 | | 2/21/2019 | $213.00 | | | |
| 50 | | 2/26/2019 | $182.00 | | | |
| 51 | | 3/7/2019 | $182.00 | | | |
| 52 | | 3/12/2019 | $182.00 | | | |
| 53 | | 3/14/2019 | $182.00 | | | |
| 54 | | 3/19/2019 | $182.00 | | | |
| 55 | | 3/21/2019 | $182.00 | | | |
| 56 | | 3/26/2019 | $182.00 | | | |
| 57 | | 3/28/2019 | $182.00 | | | |
| 58 | | 4/11/2019 | $182.00 | | | |
| 59 | | 4/16/2019 | $182.00 | | | |
| 60 | - PRO-PT, DR. B. LARSON | 2/25/2020 | $182.00 | | | |
| 61 | | 2/7/2019 | $213.00 | | | |
| 62 | | | | | | |
| 63 | | | | | | |
| 64 | | 2/12/2019 | $182.00 | | | |
| 65 | - PRO PT, DR. B. LARSON | | | | | |
| 66 | | 4/24/2019 | $182.00 | | | |

PAGE 4 OF 6

KARIN H. VOLZ

ESTIMATE OF MEDICAL EXPENSES

ELLER LAW, LLC
104 S JONES BLVD.
LAS VEGAS, NV 89104

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | DESCRIPTION | DATE OF SERVICE | TOTAL CHARGES | | KARIN VOLZ     Out of Pocket Expense | |
| 67 | | 4/30/2019 | $182.00 | | | |
| 68 | | 5/2/2019 | $182.00 | | | |
| 69 | DYNASPLINT SYST | 5/30/2019 | $395.00 | | | |
| 70 | DYNASPLINT SYST | 6/30/2019 | $395.00 | | | |
| 71 | | | | | | |
| 72 | - DURA MEDIC LLC | 9/13/2018 | $265.00 | | | |
| 73 | - DYNASPLINT | 5/30/2019 | $395.00 | | | |
| 74 | | 5/30/2019 | $145.48 | | | |
| 75 | | 7/30/2019 | $395.00 | | | |
| 76 | | | | | | |
| 77 | - PRO PT, DR. B. LARSON | 5/6/2019 | $182.00 | | | |
| 78 | - DR. STEVEN PORTER | 5/23/2019 | $147.00 | | | |
| 79 | - DR. STEVEN PORTER | 7/31/2019 | $131.23 | | | |
| 80 | - DYNASPLINT | 8/30/2019 | $395.00 | | | |
| 81 | CVS - ORAJELS | 10/27/2019 | | | | |
| 82 | | | | | | |
| 83 | - DYNASPLINT | 10/30/2019 | $395.00 | | $20 | |
| 84 | HAMMACHER (WRIST SUPPORT) | 12/12/2019 | | | | |
| 85 | HAMMACHER (LEFT KNEE SUPPORT) | 10/7/2019 | | | | |
| 86 | | | | | $173 | |
| 87 | Adding - 2 CC Charges from 2019 for 2nd Dynasplint Unit | | | | $240 | |
| 88 | | | | | | |

KARIN H. VOLZ

ESTIMATE OF MEDICAL EXPENSES

ELLER LAW, LLC
104 S JONES BLVD.
LAS VEGAS, NV 89104

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | DESCRIPTION | DATE OF SERVICE | TOTAL CHARGES | | KARIN VOLZ    Out of Pocket Expense | |
| 89 | SAFE STEP WALK-IN TUB / MEDICAL SPA (Down-Pmt w Contract Signing) | 12/3/2019 | $1,000.00 | | $360 | |
| 90 | SAFE STEP WALK-IN TUB / MEDICAL SPA (ProgressPmt; $10000 to be Financed) | 12/12/2019 | $6,000.00 | | | |
| 91 | Greensky = Finance Co. f Safe Step Med Spa; Financing $10,000, 8.04%, 15 yrs | 12/3/2019 | $17,355.00 | | | |
| 92 | KV TOTALS : | | $98,641.20 | | | |
| 93 | | | | | | |
| 94 | | | | | | |
| 95 | | | | | $2,421.00 | |

# Exhibit 2

Summerlin Hospital Emergency Room

| HCI # | 28 | | SUMMERLIN HOSP MED CTR | | | | | | | | | PAGE NO. 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

657 TOWN CENTER
LAS VEGAS,NV
89144-0023

| TYPE OF BILL | DATE OF BILL | DATE OF PREV.BILL | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CYCLE | 09/19/18 | | 366 823-4250 | | | | | | | BIRTH-DATE | HOSP.NO. | |
| INS. | | | FEI # 232939047 | | | | | | | | | |

| M | T | PATIENT NAME | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS | OUT PATIENT |
|---|---|---|---|---|---|---|---|---|---|
| VOLZ | | ,KARIN HEIDI | 15500747 | F | 75 | 09/13/18 | | | |

GUAR PH: XXXXXXXXXXXXXXXXXXXXX

| | CODE | INSURANCE COMPANY NAME | GROUP NUMBER | POLICY NUMBER |
|---|---|---|---|---|
| GUARANTOR NAME AND ADDRESS | 2 | AARP | | 39937965312 |

KARIN HEIDI VOLZ

AMOUNT OF PAYMENT $

| DATE OF SERVICE | DESCRIPTION OF HOSPITAL SERVICES | SERVICE CODE | TOTAL CHARGES | EST. COVERAGE INS.CO. NO. 1 | EST. COVERAGE INS.CO. NO. 2 | EST. COVERAGE INS.CO. NO. 3 | EST. COVERAGE INS.CO. NO. 4 | PATIENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | DETAIL OF CURRENT CHARGES, PAYMENTS AND ADJUSTMENTS | | | | | | | |
| 09/13 | 53216750 001 73080 | | 887.00 | | | | | 887.00 |
| | XR ELBOW 3V LT | | | | | | | |
| 09/13 | 53217253 001 73110 | | 1008.00 | | | | | 1008.00 |
| | XR WRIST MIN 3V LT | | | | | | | |
| 09/13 | 53219804 001 73610 | | 1169.00 | | | | | 1169.00 |
| | XR ANKLE MIN 3V RT | | | | | | | |
| 09/13 | 53223400 001 73564 | | 1500.00 | | | | | 1500.00 |
| | XR KNEE MIN 4V BIL | | | | | | | |
| 09/13 | 43013101 001 29125 | | 513.00 | | | | | 513.00 |
| | 3MSPLINT APP SHORT ARM-STATIC | | | | | | | |
| 09/13 | 43022557 001 99285 | | 3301.00 | | | | | 3301.00 |
| | 3MLEVEL 5 ED W/ PROCEDURES | | | | | | | |
| 09/13 | 43034958 001 | | | | | | | |
| | ER STATISTICAL CHARGE | | | | | | | |
| 09/13 | 43035047 001 96374 | | 329.00 | | | | | 329.00 |
| | 3MIV PUSH INITIAL DRUG | | | | | | | |
| 09/13 | 43035054 001 96375 | | 329.00 | | | | | 329.00 |
| | 3MIV PUSH ADDL NEW DRUG | | | | | | | |
| 09/13 | 53401709 001 70450 | | 5193.00 | | | | | 5193.00 |
| | CT BRAIN W/O CON | | | | | | | |
| 09/13 | 53402301 001 70486 | | 5156.00 | | | | | 5156.00 |
| | CT MAXILLO W/O CON | | | | | | | |
| 09/13 | 54335211 001 J3010 | | 172.00 | | | | | 172.00 |
| | FENTANYL CITRATE PER 0.1MG | | | | | | | |
| 09/13 | 54336789 001 J2405 | | 1007.00 | | | | | 1007.00 |
| | ONDANSETRON PER 1MG | | | | | | | |
| | SUMMARY OF CURRENT CHARGES | | | | | | | |
| | PHARMACY | | 1179.00 | | | | | 1179.00 |
| | RADIOLOGY | | 4564.00 | | | | | 4564.00 |
| | EMERGENCY ROOM | | 4472.00 | | | | | 4472.00 |
| | CT SCAN | | 10349.00 | | | | | 10349.00 |

PATIENT NUMBER PLEASE REFER TO PATIENT NUMBER ON ALL INQUIRIES AND CORRESPONDENCE.

ADDITIONAL PATIENT BILLING MAY BE NECESSARY FOR ANY CHARGES NOT POSTED WHEN THIS STATEMENT WAS PREPARED. OR IF INSURANCE CARRIERS DO NOT PAY ANY PART OF THE AMOUNTS SHOWN UNDER ESTIMATED INSURANCE COVERAGE.

| HCI # | 28 | | | SUMMERLIN HOSP MED CTR | | | | | | | | | PAGE NO. 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TYPE OF BILL | DATE OF BILL | DATE OF PREV.BILL | | 657 TOWN CENTER LAS VEGAS, NV | | | | | | 89144-0023 | | | |
| CYCLE | 09/19/18 | | | 866-823-4250 | | | | | | | BIRTH DATE | | HOSP.NO. |
| INS. | | | | FEI # 232939047 | | | | | | | | | |

| M | T | PATIENT NAME | | | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS | | OUT PATIENT | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VOLZ | | , KARIN HEIDI | | | 15500747 | F | 75 | 09/13/18 | | | | | |

GUAR PH:  XXXXXXXXXXXXXXXXXXX

| | | | | | | C.O.B | INSURANCE COMPANY NAME | GROUP NUMBER | POLICY NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| GUARANTOR NAME AND ADDRESS | KARIN HEIDI VOLZ XXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | | | | 2 | AARP | | 39937965312 |

|  |  |  |  |  |  |  |  |  | AMOUNT OF PAYMENT | g |
|---|---|---|---|---|---|---|---|---|---|---|

| DATE OF SERVICE | DESCRIPTION OF HOSPITAL SERVICES | SERVICE CODE | TOTAL CHARGES | EST. COVERAGE INS.CO. NO. 1 | EST. COVERAGE INS.CO. NO. 2 | EST. COVERAGE INS.CO. NO. 3 | EST. COVERAGE INS.CO. NO. 4 | PATIENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | SUB-TOTAL OF CURR. CHARGES | | 20564.00 | | | | | 20564.00 |
| | EMPLOYER INFORMATION: RETIRED | | | | | | | |
| | GUAR RELATIONSHIP: S | | SEX: F | GUAR NO: 556787005 | | | | |
| | ACC DATE: 09/13/18 TYPE: | | E TIME: 4:30 PM | PLACE: | | | EMPL REL: | |
| | DIAGNOSIS: | S52.502A | UNSP FRACTURE OF THE LOWER END OF LEFT RADIUS | | | | | |
| | | M25.532 | PAIN IN LEFT WRIST | | | | | |
| | AMOUNTS DUE HEREUNDER HAVE BEEN ASSIGNED TO SUMMERLIN HOSPITAL RECEIVABLES, L.L.C. | | | | | | | |

| TOTALS | | | 20564.00 | | | | | 20564.00 |
|---|---|---|---|---|---|---|---|---|

| PATIENT NUMBER | PLEASE REFER TO PATIENT | ADDITIONAL PATIENT BILLING MAY BE NECESSARY |
|---|---|---|
| 15500747 | NUMBER ON ALL INQUIRIES AND CORRESPONDENCE. | FOR ANY CHARGES NOT POSTED WHEN THIS STATE-MENT WAS PREPARED, OR IF INSURANCE CARRIERS DO NOT PAY ANY PART OF THE AMOUNTS SHOWN UNDER ESTIMATED INSURANCE COVERAGE. |

SUMMERLIN HOSP MED CTR
LAS VEGAS,NV

Sierra View Hospital

Received Fax Case 2:20-cv-02056-JAD-DJW Document 1-1 Filed 11/06/20 Page 42 of 58 page 9 28

# SIERRA VIEW
## MEDICAL CENTER

Responsible Party:
VOLZ, KARIN
XXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXX
hahlllluhllulllulllulll

| | |
|---|---|
| Name: VOLZ, KARIN | Account Number: SV0048296750 |
| Service Date: 08/15/19 | Bill Date: 04/03/20 |

| Insurance Coverage | Insurance Policy Number | Insurance Group Number |
|---|---|---|
| MEDICARE | 5VQ5XR3UJ50 | |
| AARP HEALTHCARE OPTIONS | 39937965312 | PLAN N |

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| | | 030x Laboratory | | |
| 08/15/19 | 34001376 | COMP METABOLIC PNL | 1 | 210.30 |
| 08/15/19 | 34003499 | LIPID PANEL | 1 | 119.90 |
| 08/15/19 | 34005391 | VENIPUNCTURE ROUTINE | 1 | 16.50 |
| | | | | 346.70 |

| | |
|---|---|
| Total Charges | 346.70 |
| Total Due: | 346.70 |

# SIERRA VIEW
## MEDICAL CENTER

Responsible Party:

VOLZ, KARIN

XXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXX

Name: VOLZ, KARIN

Service Dates: 09/18/18 - 09/19/18

Account Number: SV0046956231

Bill Date: 04/03/20

| Insurance Coverage | Insurance Policy Number | Insurance Group Number |
|---|---|---|
| MEDICARE | 556707005A | |
| AARP HEALTHCARE OPTIONS | 39937965312 | |

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| | | 025x Pharmacy | | |
| 09/19/18 | 60001596 | BACITRACIN IM 50000 U VIAL | 1 | 99.89 |
| | | | | 99.89 |
| | | 027x Med/Surg Supplies and Devices | | |
| 09/19/18 | 30000145 | AIRWAY LARYNGEAL MASK ADLT | 1 | 394.10 |
| 09/19/18 | 30003160 | GARMENT SCDI FLOW PROM HNE | 1 | 1,631.30 |
| 09/19/18 | 30006185 | IMPL SCREW | 3 | 4,837.20 |
| 09/19/18 | 30007675 | LINER SUCTION | 1 | 145.20 |
| 09/19/18 | 30013470 | SPLINTING SUPPLIES | 1 | 219.40 |
| 09/19/18 | 30015100 | IMPL PEG SMOOTH | 5 | 1,498.00 |
| 09/19/18 | 30015105 | IMPL PLATE DVR ANATOMIC | 1 | 11,860.70 |
| 09/19/18 | 30015315 | WARMER/BLANKET | 1 | 209.40 |
| 09/19/18 | 30016055 | MEGADYNE ULTRA VAC | 1 | 900.10 |
| 09/19/18 | 30016305 | PACK MINI | 1 | 2,716.20 |
| 09/19/18 | 60014433 | SODIUM CHLORIDE 0.9% 10 ML | 1 | 0.00 |
| | | | | 24,411.60 |
| | | 030x Laboratory | | |
| 09/18/18 | 34001035 | ..CBC: AUTO DIFF (5) | 1 | 104.90 |
| 09/18/18 | 34001376 | COMP METABOLIC PNL | 1 | 210.30 |
| 09/18/18 | 34004368 | ..PT (PROTHROMBIN TIME) | 1 | 78.80 |
| 09/18/18 | 34004379 | ..PTT (PART-THROM TIME) | 1 | 90.00 |
| 09/18/18 | 34005273 | UA AUTO W MIC | 1 | 88.10 |

| | | |
|---|---|---|
| Total Charges | | 36,371.26 |
| Total Due | | 36,371.26 |

Received Fax :     Apr  03 2020 10:08AM     Fax Station :   HP Fax/Crystal Filer Att     Page  30

Sent 04/03/2020 10:35:19,  Page - 30

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| 09/18/18 | 34005391 | VENIPUNCTURE ROUTINE | 1 | 16.50 |
| | | | | 588.60 |
| | | **032x Radiology - Diagnostic** | | |
| 09/18/18 | 46000078 | XR CHEST 2 VIEWS | 1 | 341.20 |
| 09/19/18 | 46001563 | XR WRIST/COMP MIN 3V | 1 | 293.90 |
| 09/19/18 | 46001574 | ..XR FLUOR UP TO 1HR | 1 | 420.30 |
| | | | | 1,055.40 |
| | | **036x Operating Room Services** | | |
| 09/19/18 | 24000641 | SURGERY ONE HOUR - OP | 1 | 2,336.10 |
| 09/19/18 | 24000644 | SURGERY FIRST SUB 30MIN - OP | 1 | 585.00 |
| 09/19/18 | 24000647 | SURGERY SEC SUB 30MIN - OP | 1 | 1,170.00 |
| 09/19/18 | 24000859 | OR ACUITY LEVEL 3 | 1 | 1,028.60 |
| 09/19/18 | 24001101 | RN FIRST ASST PER HOUR | 1 | 392.70 |
| | | | | 5,512.40 |
| | | **037x Anesthesia** | | |
| 09/19/18 | 28000133 | ANESTHESIA ONE HOUR | 1 | 817.70 |
| 09/19/18 | 28000134 | ANESTHESIA PER MINUTE | 38 | 520.60 |
| | | | | 1,338.30 |
| | | **063x Pharmacy (Extended)** | | |
| 09/19/18 | 60002993 | CEFAZOLIN INJ 1 GM VIAL | 1 | 99.74 |
| 09/19/18 | 60004478 | DEXAMETHASONE INJ 10 MG | 1 | 99.53 |
| 09/19/18 | 60006469 | FENTANYL INJ 0.05 MG/ML 2 ML | 1 | 102.09 |
| 09/19/18 | 60007855 | HYDROMORPHONE INJ 2 MG | 2 | 192.94 |
| 09/19/18 | 60008713 | KETOROLAC INJ 30 MG/ML VIAL | 1 | 101.85 |
| 09/19/18 | 60009912 | MEPERIDINE INJ 50 MG | 1 | 97.96 |
| 09/19/18 | 60010385 | METOCLOPRAMIDE INJ 5MG/ML 2ML | 1 | 100.57 |
| 09/19/18 | 60010517 | MIDAZOLAM HCL INJ 2MG | 1 | 95.51 |
| 09/19/18 | 60011837 | ONDANSETRON INJ 4 MG | 1 | 96.54 |
| 09/19/18 | 60013465 | PROPOFOL INJ 200 MG (GENERIC) | 1 | 96.67 |
| 09/19/18 | 60021847 | LACTATED RINGERS IV SOL 1000ML | 1 | 101.85 |
| 09/19/18 | 60036088 | ROPIVAC INJ .5% 5MG/ML 30ML | 1 | 185.52 |
| | | | | 1,370.77 |
| | | **071x Recovery Room** | | |
| 09/19/18 | 24000930 | RECOVERY ONE HOUR | 1 | 811.20 |
| 09/19/18 | 24000931 | RECOVERY PER MINUTE | 43 | 584.80 |
| 09/19/18 | 24000932 | RECOVERY 30 MINUTES | 1 | 405.70 |
| | | | | 1,801.70 |
| | | **073x EKG/ECG (Electrocardiogram)** | | |
| 09/18/18 | 42000023 | EKG 12 LEAD TRACE ONLY | 1 | 192.60 |
| | | | | 192.60 |

Received Fax — Case 2:20-cv-02056-JAD-DJA Document 1-1 Filed 11/06/20 Page 45 of 58 Fax Station ID — Faxcrystal Filer Att page of 58

Sent 04/03/2020 10:35:19, Page - 31

Page 1 of 1



# SIERRA VIEW
## MEDICAL CENTER

Responsible Party:
VOLZ, KARIN
XXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXX

Name: VOLZ, KARIN
Service Date: 08/28/19

Account Number: SV0048311708
Bill Date: 04/03/20

| Insurance Coverage | Insurance Policy Number | Insurance Group Number |
|---|---|---|
| MEDICARE | 5VQ5XR3UJ50 | |
| AARP HEALTHCARE OPTIONS | 39937965312 | PLAN N |

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| | | 026x IV Therapy | | |
| 08/28/19 | 48003188 | IV TX INIT 16-90 MIN NON-CHEMO | 1 | 498.30 |
| | | | | 498.30 |
| | | 063x Pharmacy (Extended) | | |
| 08/28/19 | 48002150 | ZOLEDRONIC ACID/MANNIT 5MG INJ | 1 | 9,262.48 |
| | | | | 9,262.48 |
| | | 099x Patient Convenience Items | | |
| 08/28/19 | 48090078 | TREATMENT INF LEVEL II (STAT) | 1 | 0.00 |
| | | | | 0.00 |

Total Charges: 9,760.78
Total Due: 9,760.78

# SIERRA VIEW
## MEDICAL CENTER

Responsible Party:

VOLZ, KARIN

XXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXX

Name: VOLZ, KARIN

Service Date: 07/02/19

Account Number: SV0048020952

Bill Date: 04/03/20

| Insurance Coverage | Insurance Policy Number | Insurance Group Number |
|---|---|---|
| MEDICARE | 5VQ5XR3UJ50 | |
| AARP HEALTHCARE OPTIONS | 39937965312 | PLAN N |

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| | | 032x Radiology - Diagnostic | | |
| 07/02/19 | 46000122 | MB DXA CENTRAL HIP & SPINE | 1 | 337.30 |
| | | | | 337.30 |
| | | Total Charges | | 337.30 |
| | | Total Due: | | 337.30 |

Case 2:20-cv-02056-JAD-DJA Document 1-1 Filed 11/06/20 Page 47 of 58
Received Fax : Apr 03 2020 10:08AM Fax Station : THE FaxCrystal Filter Att Page 33


# SIERRA VIEW
## MEDICAL CENTER

Responsible Party:
VOLZ, KARIN
XXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXX

Name: VOLZ, KARIN
Service Date: 06/07/19

Account Number: SV0048020705
Bill Date: 04/03/20

| Insurance Coverage | Insurance Policy Number | Insurance Group Number |
|---|---|---|
| MEDICARE | 5VQ5XR3UU50 | |
| AARP HEALTHCARE OPTIONS | 39937965312 | |

| Service Date | Code | Description | Quantity | Amount |
|---|---|---|---|---|
| | | 032x Radiology - Diagnostic | | |
| 06/07/19 | 46001266 | XR RIBS UNILAT;WPA CXR MIN 3V | 1 | 322.60 |
| | | | | 322.60 |

Total Charges: 322.60
Total Due: 322.60

Mercy Inc. Ambulance Service

  

American Medical Response
50 S. Main St. Suite 401
Akron, OH  44308

INVOICE

| TRIP # | 301-18239670-00 | ACCT # | |
|---|---|---|---|
| PATIENT NAME | KARIN H. VOLZ | | |
| DATE OF SERVICE | 09/13/2018 | | |
| AMOUNT DUE | $0.00 | DUE DATE | 06/06/2020 |

REMIT PAYMENT TO:

KARIN H. VOLZ                    3011823967000
XXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

AMERICAN MEDICAL RESPONSE
FILE 56141
LOS ANGELES, CA 90074-6141

PLEASE CHARGE MY: ☐ VISA  ☐ MASTERCARD  ☐ DISCOVER  ☐ AMERICAN EXPRESS

ACCOUNT ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐        EXPIRATION DATE ☐☐☐☐

SIGNATURE _____        PLEASE ENTER AMOUNT PAID:  $ _____

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

| PATIENT NAME | ACCOUNT # | TRIP # | INVOICE DATE |
|---|---|---|---|
| KARIN H. VOLZ | 002129692-0000 | 301-18239670-00 | 05/22/2020 |

| SERVICE DATE | SERVICE FROM | SERVICE TO |
|---|---|---|
| 09/13/2018 | 2211 N RAMPART BLVD | SUMMERLIN HOSPITAL MEDICAL CT |

IMPORTANT MESSAGES

| CODE | DESCRIPTION | UNITS | UNIT CHARGE | | TOTAL CHARGE |
|---|---|---|---|---|---|
| A0427 | ALS1 EMERG | 1 | $1,048.95 | | $1,048.95 |
| A0425 | ALS MILEAGE | 5 | $29.67 | | $148.35 |
| | *** PAYMENTS *** | | | $448.76- | |
| | *** ADJUSTMENTS *** | | | $748.54- | |

CALL RCVD: 16:30

TOTAL CHARGES DUE        $0.00

FED TAX ID: 880125707

Electronically Filed
10/16/2020 1:30 PM
Steven D. Grierson
CLERK OF THE COURT

1  **NESO**
JERRY S. BUSBY
2  Nevada Bar #001107
COOPER LEVENSON, P.A.
3  3016 West Charleston Boulevard -- #195
Las Vegas, NV  89102
4  (702) 366-1125
FAX: (702) 366-1857
5  jbusby@cooperlevenson.com
Attorneys for Defendant
6  SMITH'S FOOD & DRUG CENTERS, INC.

7  ## THE EIGHTH JUDICIAL DISTRICT COURT

8  ## CLARK COUNTY, NEVADA

9  Karin Volz, an individual

10             Plaintiff,

11       vs.

12  THE KROGER CO., a Foreign Corporation
dba SMITH'S #385; SMITH'S FOOD &
13  DRUG CENTERS, INC., a Foreign
Corporation dba SMITH'S #385 DOES I
14  through X, inclusive, and Roe Corporations XI
through XX, inclusive
15
             Defendants.
16

Case No.: A-20-818888-C
Dept. No.: XXVIII

**NOTICE OF ENTRY OF STIPULATION
AND ORDER TO DISMISS THE
KROGER CO. WITHOUT PREJUDICE**

17  TO:    KARIN VOLZ, Plaintiff;

18  TO:    CRYSTAL ELLER, ESQ. of ELLER LAW, LLC, Attorneys for Plaintiff;

19       YOU WILL PLEASE TAKE NOTICE that on the 16th day of October, 2020,  an Order

20  was entered in the above-entitled action, a copy of which is attached hereto.

21       Dated this 16th day of October, 2020.

22                           COOPER LEVENSON, P.A.

23

24                   By    /s/ Jerry S. Busby
                            Jerry S. Busby
25                          Nevada Bar No. 001107
                            3016 West Charleston Boulevard -- #195
26                          Las Vegas, NV  89102
                            Attorneys for Defendant
27                          SMITH'S FOOD & DRUG CENTERS, INC.

28

CLAC 5989312.1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 16th day of October, 2020, I did cause a true copy of the foregoing **NOTICE OF ENTRY OF STIPULATION AND ORDER TO DISMISS THE KROGER CO. WITHOUT PREJUDICE** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Crystal Eller, Esq.
ELLER LAW, LLC
104 South Jones Boulevard
Las Vegas, NV 89107
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
      An Employee of
      COOPER LEVENSON, P.A.

CLAC 5989312.1

Electronically Filed
10/16/2020 12:43 PM

CLERK OF THE COURT

**SODWOP**
JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard – #195
Las Vegas, NV 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## THE EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Karin Volz, an individual | Case No.: A-20-818888-C |
| Plaintiff, | Dept. No.: XXVIII |
| vs. | |
| THE KROGER CO., a Foreign Corporation dba SMITH'S #385; SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation dba SMITH'S #385 DOES I through X, inclusive, and Roe Corporations XI through XX, inclusive | **STIPULATION AND ORDER TO DISMISS DEFENDANT THE KROGER CO. WITHOUT PREJUDICE** |
| Defendants. | |

Plaintiff KARIN VOLZ, by and through her attorneys of record, Crystal Eller, Esq. and Nicole C. Bolick, Esq. of ELLER LAW, LLC, and Defendant SMITH'S FOOD & DRUG CENTERS, INC., hereby stipulate and agree as follows:

Inasmuch as Defendant SMITH'S FOOD & DRUG CENTERS, INC. has admitted that it owned, operated, controlled, and/or maintained Smiths #385 located at 2211 North Rampart Boulevard, Las Vegas, NV 89128, the parties hereby agree that Defendant THE KROGER CO. is an unnecessary party to this litigation; therefore,

IT IS HEREBY STIPULATED AND AGREED that Defendant THE KROGER CO. be dismissed, without prejudice;

///

CLAC 5912633.1

Karin Volz v. Smith's Food & Drug Centers, Inc.
Case No. A-20-818888-C

IT IS FURTHER STIPULATED AND AGREED that Plaintiff may move to rename THE KROGER CO. as a Defendant in this litigation at any time up to the date set by the Court for amending pleadings should it be determined at a future date that THE KROGER CO. is a necessary party to this litigation.

DATED this 12th day of October 2020.

ELLER LAW GROUP

/s/ Crystal Eller
Nicole C. Bolick, Esq.
Nevada Bar No. 15015
Crystal Eller, Esq.
Nevada Bar No. 4978
104 South Jones Boulevard
Las Vegas, NV 89107
Telephone: (702) 685-6655
Attorneys for Plaintiff Karin Volz

DATED this 12th day of October 2020.

COOPER LEVENSON, P.A.

/s/ Jerry S. Busby
Jerry S. Busby, Esq.
Nevada Bar No. 1107
3016 West Charleston Boulevard, #195
Las Vegas, NV 89102
Telephone: (702) 366-1125
Attorneys for Defendant
Smith's Food & Drug Centers, Inc.

IT IS SO ORDERED.

DATED this _____ day of October, 2020 Dated this 16th day of October, 2020

_Ronald J. Israel_

DISTRICT COURT JUDGE

6F9 D37 F6EF 57D6          SC
Ronald J. Israel
District Court Judge

Respectfully Submitted By:

COOPER LEVENSON, P.A.

_____
JERRY S. BUSBY, ESQ.
Nevada Bar No. 001107
3016 West Charleston Boulevard – Suite 195
Las Vegas, Nevada 89102
(702) 366-1125
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

2

CLAC 5912633.1

**Rutkowski Theresa H.**

| | |
|---|---|
| **From:** | Busby Jerry S. |
| **Sent:** | Monday, October 12, 2020 2:45 PM |
| **To:** | Rutkowski Theresa H. |
| **Subject:** | FW: Volz v. Smith's |

---

**From:** Nicole Bolick [mailto:Nicole@crystalforthepeople.com]
**Sent:** Monday, October 12, 2020 12:43 PM
**To:** Busby Jerry S.; Crystal Eller
**Cc:** Kraemer, Gregory A.; Marques Andre
**Subject:** RE: Volz v. Smith's

Jerry,

Please change the date on the stipulation to October 12, 2020. Once that change has been made you have Crystal Eller's authorization to sign the STIPULATION AND ORDER TO DISMISS DEFENDANT THE KROGER CO. WITHOUT PREJUDICE on her behalf.

Thank you,
Nicole Bolick



*Nicole C. Bolick, Esq.*
Eller Law, LLC
(702) 685-6655 Office
(702) 804-5090 Fax
www.crystalforthepeople.com

---

**From:** Busby Jerry S. <JBUSBY@cooperlevenson.com>
**Sent:** Wednesday, October 07, 2020 12:23 PM
**To:** Nicole Bolick <Nicole@crystalforthepeople.com>
**Cc:** Kraemer, Gregory A. <GKRAEMER@cooperlevenson.com>; Marques Andre <AMARQUES@cooperlevenson.com>
**Subject:** Volz v. Smith's

Nicole,

1

Here is the stipulation to dismiss Kroger that I drafted back in September.  I guess it was never sent to you.  Although you've said that the Rich v. Smith's case is being handled by Michael Amador, this is the same stipulation that was used in that case.

Let me know if any changes are necessary to the stipulation.  Also, please confirm that you do not intend to enter a default in this case.

**Jerry S. Busby, Esq.**
**Cooper Levenson,** Attorneys at Law
3016 West Charleston Blvd., Suite 195
Las Vegas, NV  89102
Office (702) 366-1125
Direct Fax (702) 366-1857
E-Mail: jbusby@cooperlevenson.com
URL: http://www.cooperlevenson.com

**Cooper Levenson, P.A.**
Atlantic City / Cherry Hill / Bear, DE / Las Vegas, NV

Please consider the environment before printing this email.

ATTENTION: This E-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above.  If you are not the intended recipient of this E-mail, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this E-mail is strictly prohibited.  If you have received this E-mail in error, please immediately notify us by telephone at (609)344-3161 or notify us by E-mail at administrator@cooperlevenson.com.  Although Cooper Levenson Law Firm attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage sustained as a result of viruses.

1

**CSERV**

2

3

DISTRICT COURT
CLARK COUNTY, NEVADA

4

5

6  Karin Volz, Plaintiff(s)

CASE NO: A-20-818888-C

7  vs.

DEPT. NO.  Department 28

8  The Kroger Co., Defendant(s)

9

10  **<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

11

12  This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order for Dismissal Without Prejudice was served via the court's electronic eFile system to all recipients registered for e-Service on the above

13  entitled case as listed below:

14  Service Date: 10/16/2020

15  Jerry Busby                        jbusby@cooperlevenson.com

16  Gregory Kraemer                    gkraemer@cooperlevenson.com

17  Theresa Rutkowski                  trutkowski@cooperlevenson.com

18

19  Crystal Eller                      Crystal@crystalforthepeople.com

20  Andre Marques                      amarques@cooperlevenson.com

21  Nicole Bolick                      nicole@crystalforthepeople.com

22  Penny Ranan                        pranan@cooperlevenson.com

23

24

25

26

27

28

Electronically Filed
10/22/2020 4:21 PM
Steven D. Grierson
CLERK OF THE COURT

1

2

3  **CDRG**

**DISTRICT COURT**

4

5  **CLARK COUNTY, NEVADA**

6

7  Karin Volz, Plaintiff(s)

8  vs.

CASE NO: A-20-818888-C
DEPT. NO: XXVIII

9  Smith's Food & Drug Centers, Inc.,

10  Defendant(s)

11

12  <u>**COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION**</u>

13

14  REQUEST FOR EXEMPTION FILED ON: <u>October 07, 2020</u>

15  EXEMPTION FILED BY: <u>Plaintiff</u>            OPPOSITION: <u>No</u>

16  **DECISION**

17      Having reviewed the Request for Exemption, and all related pleadings, the Request

18  for Exemption is hereby GRANTED.

19

20      DATED this 22nd of October, 2020.

21

22

23

24  _____

25  ADR COMMISSIONER

26

27                          1

# NOTICE

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2020.


/s/   Loretta Walker
      ADR COMMISSIONER'S DESIGNEE

2