UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Karin Volz, | Case No.: 2:20-cv-02056-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting in Part Defendant's Motions in Limine** |
| Smith's Food & Drug Centers, Inc., | [ECF Nos. 37, 38] |
| Defendant | |

Karin Volz alleges that she tripped on a rock in the parking lot of a Smith's grocery store and sues Smith's Food & Drug Centers, Inc. for negligence and negligent hiring. With trial approaching, Smith's moves in limine to limit Volz's treating-physician witnesses to opinions about their own treatment and billing and preclude them from commenting on those of her other medical providers. Smith's additionally seeks to preclude Volz from recovering future medical special damages because she failed to disclose any witnesses to testify about the need for future treatment or a calculation of those damages. Because Smith's hasn't shown that Volz's treating-physician witnesses will opine on her other providers' treatment and billing, I deny Smith's first motion in limine. But I grant Smith's second motion in limine because Volz has not disclosed future damages as Federal Rule of Civil Procedure (FRCP) 26 requires.

**Discussion**

"A motion in limine is a procedural mechanism [that is used] to limit in advance" of trial the scope of "testimony or evidence in a particular area" that will be permitted at trial."[1] Though not explicitly authorized by the Federal Rules of Evidence, the practice of ruling in limine on evidentiary issues is based on the "district court's inherent authority to manage the course of

---

[1] *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009).

trials."[2]  "[I]n limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial."[3]

### I. Smith's first motion in limine is denied because it is unclear if Volz's witnesses will give any opinions on the billing or treatment of her other physicians.

Smith's moves in limine to limit Volz's treating physicians to testify only about their own billing and treatment because Volz's disclosures do "not identify any treating physician that has reviewed other physicians' records or billing, or will testify regarding other physicians' treatment or billing."[4]  Smith's argues that Volz's disclosures are inadequate because they include only "generic and broad recitation[s]" that fail to state that her treating physicians "formed any opinions concerning any other treating physician,"[5] and under FRCP 26, a disclosing party must provide "a summary of the facts and opinions to which the [non-expert] witness is expected to testify."[6]

But nothing in this case yet suggests that Volz will attempt to put on such evidence.  Volz hasn't said that she intends to introduce such testimony, and Smith's states that "[i]t is reasonably certain that none of [Volz's] treating physicians reviewed the bills of the other treating physicians and formed opinions as to whether or not the billing of other providers was reasonable.  Nor did the providers that initially treated [her] . . . review any records of [her] treatment by providers . . . after the day of the incident."[7]  Volz offers no clarity by responding

---

[2] *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

[3] *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (emphasis removed) (citing *Luce*, 469 U.S. at 41–42).

[4] ECF No. 38 at 6.

[5] *Id.* at 8.

[6] Fed. R. Civ. P. 26(a)(2)(C).

[7] ECF No. 38 at 8.

with the vague statement that "treating physicians may testify to opinions they formed during the course of treatment."[8]  Because it doesn't appear that the opinions Smith's seeks to exclude will even come up during trial, I deny this motion in limine.  But I do so without prejudice to Smith's ability to make properly supported objections at trial.

## II. Smith's second motion in limine is granted because Volz has not provided a computation of future damages.

FRCP 26 requires "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ."[9]  While Rule 26 "does not elaborate on the level of specificity required in the initial damages disclosure[,]" the disclosing party must do so "in sufficient detail so as to enable each [d]efendant to know the extent of its liability."[10]  Should a party fail to satisfy its disclosure obligations, the court may sanction it under FRCP 37 by excluding "that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[11]

To date, Volz has not disclosed any computation or supporting documents concerning future medical damages.  Her last disclosure offers "to be determined" as the amount claimed and she does not address the absence of future-damages computations in her response to Smith's

---

[8] ECF No. 43 at 2 (citing *Alfaro v. D. Las Vegas, Inc.*, 2016 WL 4473421 (D. Nev. Aug. 24, 2016)).

[9] Fed. R. Civ. P. 26(a)(1)(A)(iii).

[10] *City and Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220–21 (N.D. Cal. 2003); *see also Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) (affirming a district-court order excluding the plaintiffs' damages evidence because they failed to disclose computations of those damages before the pretrial conference); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d. Cir. 2006) (noting that the burden of disclosing damages falls on the plaintiff).

[11] Fed. R. Civ. P. 37(c)(1).

motion.[12]  And though Volz served an "expert disclosure" on Smith's simultaneously with her response,[13] that supplement contains no computations either.  Because Volz has not offered any arguments as to why her failure to disclose future-damages computations was "substantially justified" or "harmless," I grant Smith's motion and preclude Volz from seeking future medical damages at trial.[14]

## Conclusion

IT IS THEREFORE ORDERED that Smith's motion in limine to preclude Volz from seeking future medical special damages at trial **[ECF No. 37] is GRANTED**.

IT IS FURTHER ORDERED that Smith's motion in limine to limit treating physicians to opinions concerning their own treatment and billing **[ECF No. 38] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 7, 2023

---

[12] ECF No. 37 at 20–21; s*ee generally* ECF No. 42.

[13] ECF No. 42-2 (Volz's designation of non-retained expert witnesses).

[14] Because I grant Smith's motion on this ground, I do not reach the parties' arguments regarding the adequacy of Volz's summaries of anticipated trial-witness testimony.